Filed 4/28/16  In re Aguilar CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re JAVIER AGUILAR<br><br>    on Habeas Corpus. | G053435<br><br>(Super. Ct. No. 11HF0530)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Helen S. Izra for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT:*

Petitioner, Javier Aguilar, seeks relief from the failure to file a timely notice of appeal from his criminal conviction. We agree Aguilar is entitled to relief and the petition is granted.

Following a jury trial, Javier Aguilar was convicted of a number of criminal offenses and sentenced to 45 years to life. In his declaration, trial counsel states that after the sentencing hearing, Aguilar advised him that he wanted to appeal his conviction. According to trial counsel, he advised Aguilar that he would file a notice of appeal on his behalf, but due to an error, the notice of appeal was inadvertently filed two days late. (Cal. Rules of Court, rule 8.308(a).) When Aguilar attempted to file his notice of appeal, the superior court stamped his notice of appeal "'Received 08/27/15, but not filed,'" and transmitted a letter to counsel explaining the last day to file a timely notice of appeal was August 25, 2015.

The Attorney General does not oppose granting the petition without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The principle of constructive filing of the notice of appeal is applied in situations where trial counsel advises a criminal defendant that he will file a notice of appeal on his client's behalf, and then fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) Because trial counsel has a duty to file a proper notice of appeal on his client's behalf, (Pen. Code § 1240.1, subd. (b)) Aguilar's reasonable reliance on counsel's promise to file a timely notice of appeal entitles him to the relief requested.

The petition is granted. The Clerk of the Superior Court is directed to file the notice of appeal that was received but not filed on August 27, 2015. Further proceedings, including preparation of the record on appeal, are to be conducted according

---

* Before O'Leary, P. J., Rylaarsdam, J., and Aronson, J.

2

to the applicable rules of court.  In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.